UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIM JACKSON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>STANLEY KNIGHT, Superintendent, )<br>)<br>Respondent. ) | No. 1:06-CV-1235-SEB-VSS |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Tim Jackson ("Jackson") is confined at an Indiana prison. He alleges in his petition for a writ of habeas corpus that he is incarcerated due to convictions entered in five (5) counties. He further states, as grounds for the requested habeas corpus relief, that one of those sentences is improper because of double jeopardy principles and that in another instance he did not receive the full jail time credit to which he was entitled. He contends that he is entitled to his immediate release. His custodian has responded to the petition for writ of habeas corpus, Jackson has replied, and the record has been appropriately expanded.

For the reasons explained in this Entry, Jackson's petition for a writ of habeas corpus must be **denied.**

**Discussion**

It was recently noted by the Supreme Court that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U. S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Connor*, 404 U. S. 270, 275 (1971) (citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999).

*Baldwin v. Reese,* 124 S. Ct. 1347, 1349 ( 2004).

The expanded record shows not simply five convictions, but 16 convictions from courts in five (5) counties. It is apparent from the pleadings and the expanded record here that Jackson has not presented the claims concerning the expiration of his sentences and the award of jail time credit, nor that of double jeopardy, to the Indiana state courts.

It is further evident that Jackson has meaningful remedies available to him in the Indiana state courts. A claim that one or more sentences have expired can be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief."). Similarly, a claim that jail time credit has not been properly awarded can be brought in the trial court. *See, e.g., Weaver v. State,* 725 N.E.2d 945, 948 (Ind.Ct.App. 2000)("[A]ny time a defendant whose liberty has been restricted through imprisonment or confinement requests a trial court to reconsider its previous award of jail time credit, and the defendant's motion in this regard identifies a sufficient factual basis for his eligibility, the court must address the merits of such action.").

Meaningful remedies exist whereby Jackson could present some or all of the claims in this action to the state courts. Jackson has not identified any circumstances from which it could be concluded that exhaustion of state court remedies should be excused.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). The only manner in which this purpose can be recognized is to dismiss Jackson's petition in this court and permit him to proceed, if he elects to do so, in the Indiana state courts.

Because Jackson is not entitled to the relief he seeks at this time and in this forum, the action is dismissed. The dismissal shall be without prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 10/26/2006

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana